CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 2 6 2006

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CHERYL H. DEANE, | ) | CASE NO. 3:06CV00016 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 15, 1998 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings.

At a hearing held on September 28, 1999, plaintiff raised, for the first time, a claim that she had a mental impairment. (R. 34, 282.) The Administrative Law Judge ("Law Judge") remanded the case to the state agency to perform a mental evaluation. (R. 270-271, 282.)

A rehearing was held on October 26, 2000. In the Law Judge's decision dated February 23, 2001, he found that plaintiff had fibromyalgia and a severe mental impairment yet retained

the residual functional capacity to perform a full range of light work, was capable of performing her past relevant work and was therefore not disabled. (R. 34, 284, 289-290.) On appeal, the Appeals Council remanded the case because the Law Judge who purportedly authored the February 23, 2001 decision was not on active duty at that time the decision issued. (R. 34, 335-338.)

After conducting a supplemental proceeding, the same Law Judge, who by that time had resumed his duties, issued a decision on November 28, 2003 which was eventually adopted as a final decision of the Commissioner. (R. 34-46.) The Law Judge found that plaintiff, who was 44 years old, with a twelfth grade education and with past relevant work as a manufacturing lead clerk and an assembler, had not engaged in substantial gainful activity since her alleged date of disability onset, December 22, 1995, and was insured for benefits only through December 31, 2000. (R. 35, 45.) The Law Judge further found that plaintiff suffered a medical dysfunction caused by pain and fatigue, which is a severe impairment, though not severe enough to meet or equal any listed impairment. (R. 41, 45-46.) This time the Law Judge specifically found that the evidence within the relevant time period, December 22, 1995 to December 31, 2000, did not establish the existence of a severe mental impairment. (R. 41.) He was of the view that plaintiff's subjective allegations regarding her limitations were not totally credible, and that she retained the residual functional capacity to perform light work which did not involve lifting more than 20 pounds occasionally and 10 pounds frequently. (R. 43-44, 46.) He further determined that she could stand/walk about six hours in an eight hour workday, sit about six hours in an eight hour workday, and was unlimited in pushing/pulling with upper and lower extremities; she could occasionally climb, balance, stoop, kneel, crouch, and crawl; and she had no visual,

2

communicative, or environmental limitations. (R. 44, 46.) Because plaintiff's past relevant work did not involve performing work-related activities which were precluded by her RFC, the Law Judge determined that plaintiff could return to her past relevant work. (R. 45, 46.) Thus, the Law Judge concluded that she was not disabled under the Act from December 22, 1995 through December 31, 2000.

Plaintiff appealed the November 28, 2003 decision to the Appeals Council. The Appeals Council found no basis in the record, or in any argument advanced on appeal, to review the Law Judge's decision. (R. 11-14.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of her motion for summary judgment, plaintiff contends that the Law Judge failed to comply with the Appeals Council's March 27, 2003 remand order. For instance, plaintiff contends that the Law Judge did not honor the Appeals Council's direction to "identify the nonexertional mental limitations which result from her mental impairment which was determined to be severe [in the February 23, 2001 decision]." (R. 338.) In this regard, the Commissioner's own regulations provide that an "administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b).

The undersigned agrees that the Law Judge did not take action consistent with the Appeals Council's remand order. Rather than addressing the limitations which would be imposed by the severe mental impairment he had found to exist, the Law Judge undertook to completely reevaluate the evidence only to find that plaintiff did not have a severe mental impairment. In it all, he failed to explain any basis upon which he changed his prior finding. The undersigned

3

does not believe this complies with the Appeals Council's remand order or with the letter and spirit of the Commissioner's own regulations.

For these reasons, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings. The order should direct that in the event the Commissioner cannot grant benefits on the current record, she should recommit the case to a Law Judge for supplementary evidentiary proceedings in which each side may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

9-26-06
Date

4