

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHERYL H. DEANE,<br><br>                        *Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>                        *Defendant.* | CIVIL ACTION No. 3:06-CV-00016<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

On March 27, 2006, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's denial of her claim for Disability Insurance Benefits under Title II of the Social Security Act. By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion on July 24, 2006, and August 15, 2006, respectively. The Magistrate filed his Report and Recommendation ("Report") on September 26, 2006, recommending that this Court enter an Order remanding the case to the Commission for further proceedings.

On October 2, 2006, Defendant filed Objections to the Report, which obligated this court to make a *de novo* determination with respect to those portions of the report to which objections were made. 28 U.S.C.A. § 636(b)(1). After a thorough examination of Defendant's objections, the applicable law, and the documented record, this Court declines to follow the Report of the

Magistrate Judge in full, for the reasons stated below, but will remand the case to the Commissioner with instructions.

## I. BACKGROUND

Plaintiff, Cheryl H. Deane, filed her application for DIB on July 24, 1998, alleging disability since December 22, 1995, due to fibromyalgia, chronic fatigue and pain, irritable bowel syndrome, depression, and anxiety (R. 83-85, 101). Plaintiff last met the insured status requirements of the Act on December 31, 2000 (R. 44, 361). Therefore, she must establish that she was disabled on or before that date in order to be entitled to DIB. 20 C.F.R. § 404.101 (2006). The state agency denied Plaintiff's application initially and on reconsideration (R. 60-62, 65-67). At Plaintiff's request, an administrative law judge (ALJ) held a hearing and, since Plaintiff raised a mental impairment for the first time at the hearing, he remanded the case to the state agency for a psychological evaluation (R. 282, 460-96). Plaintiff was denied on redetermination and filed a request for a hearing on January 27, 2000 (R. 297-98).

A hearing was held on October 26, 2000. Plaintiff, who was represented by an attorney, and a vocational expert (VE) testified (R. 497-518). On February 23, 2001, an opinion issued over the signature of the ALJ, finding that Plaintiff had the residual functional capacity (RFC) to perform a full range of light work, could perform her past relevant work, and, therefore, was not disabled (R. 282-90). Plaintiff filed a Request for Review with the Appeals Council and on March 27, 2003, the Appeals Council remanded the case to the ALJ for further proceedings because the ALJ was not on active duty at the time the decision was issued (R. 312-17, 336-38). Thus, the release was procedurally improper (apparently the result of an administrative error), and the decision itself was vacated (R. 337). The ALJ was directed to further evaluate the record and offer Plaintiff the opportunity for another hearing (R. 337-38).

On September 25, 2003, the ALJ conducted a supplemental hearing and Plaintiff, who was represented by an attorney, and a VE testified at the hearing (R. 519-53). At this hearing the ALJ and the plaintiff's attorney agreed to disregard the vacated decision as "moot," and do it "from scratch all over again." (R. 522). On November 28, 2003, the ALJ issued a decision finding that Plaintiff had the Residual Functional Capacity (RFC) to perform her past relevant work as a manufacturing lead clerk and, therefore, was not disabled within the meaning of the Act (R. 34-46). The ALJ was particularly concerned with the Plaintiff's credibility. (R. 42-43). The Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner (R. 11-14). Plaintiff then filed this civil action seeking judicial review of the Commissioner's final decision.

The Magistrate's Report and Recommendation of September 26, 2006, recommended remand of the case to the ALJ on the grounds that the ALJ had failed to adequately explain the "change" in his decision from the February 23, 2001 opinion to the November 23, 2003 opinion, and that he also failed to follow some of the directions of the appeals council.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640,

642 (4th Cir. 1990).

## III. DISCUSSION

There are two issues before this Court. The first is the adoption or rejection of the Magistrate Judge's Report and Recommendation, which advised remand because of procedural irregularities. If this report is not adopted, then the second issue is the substance of the case: whether the findings of the Administrative Law Judge (ALJ) are supported by substantial evidence. For the reasons stated below, this court declines to adopt the Magistrate's recommendation. However, the case will be partially remanded because the ALJ's opinion is only partially supported by substantial evidence.

The "change" in the ALJ opinion, which the Magistrate thought justified a remand, is legally nonexistent. The original opinion of February, 2001 was improperly issued (R. 337) and thus is legally ineffective. It was vacated for exactly that reason by the Appeals Council. *Id.* Thus there has been no "change" at all in the ALJ's opinion, because there is only one valid opinion, released in November 2004. The Magistrate also cites the failure of the ALJ to follow the directions of the Appeals Council in detail as a reason for remand. The Appeals Council itself has already had the opportunity to decide the significance of any alleged deviation from its own instructions. It is in a better position than this Court to determine if its directives have been obeyed. Since it declined to even review the case (R. 11), this Court will not vacate the ALJ's decision on that ground.

Turning to the merits of the ALJ's decision, it is the finding of this Court that while part of the ALJ's findings are supported by substantial evidence and will be upheld, parts are not and require remand for reconsideration.

As a preliminary procedural matter, benefits may be paid retroactively only for the 12

months preceding the month in which an application for disability is filed. 20 C.F.R. § 404.621(a). Because this application was filed on July 24, 1998, (R. 56), no benefits are available, regardless of disability, for any period before June 1997.

For the time period from July, 1997 to June, 1998, there is substantial evidence in the record to support the ALJ's finding that the Plaintiff retained sufficient RFC to return to work. The record reveals that Plaintiff was assisting her husband in his excavating business, apparently involving trips into the field in addition to home-bound duties (R. 218). She was balancing her own checkbook and doing the books for her church. *Id.* Before quitting her job at Avionics Specialties, she complained to her doctor of the stress she experienced there, not of any exertional limitation such as pain or stiffness (R. 222). She referred at one point to the improvement when she "changed jobs" rather than quitting (R. 222). She also did not consider applying for disability insurance for nearly two and a half years, suggesting that whatever assistance she was offering her husband was valuable to his business, and also that her impairments were not sufficient to force her to consider ceasing work altogether. Although the ALJ concluded that there was insufficient evidence to determine whether Plaintiff's activity during this time constituted "substantial gainful activity," (R. 36) these references to work are sufficient to support a finding that the Plaintiff had sufficient residual functional capacity that she *could* have worked. There is no evidence that the ALJ abused his discretion or acted arbitrarily, and there is substantial evidence to support his conclusion, as that term is understood in the Fourth Circuit. For that reason, the ALJ's conclusions will be affirmed as they apply to all claims dating from before July, 1998. Benefits for this period are denied.

However, the ALJ erred in failing to sufficiently separate the period before the disability application from the period after it (from July 1998 to December 2000, when the Plaintiff's

eligibility ended). The record documents a meaningful worsening of symptoms, which prompted the Plaintiff to file the original application (R. 218). She made errors in her own checkbook and in the books of her church, prompting her to refrain from those activities for fear of causing serious problems. *Id.* Her fibromyalgia apparently "progressed," according to her doctor. (R. 216). Both her own physician and a state agency consulting physician opined that she would face difficulty performing work. (R. 201, 431-32). A vocational expert twice testified that, based on the Plaintiff's self-description of her symptoms, no jobs would be available. (R. 490-94, 516-517). This was based largely on the persistence of episodic flare-ups of both fibromyalgia and irritable bowel syndrome, which would prevent the Plaintiff from holding a steady job although concededly able, on her "better days," to do light work. (R. 491). This conclusion of the expert is not even mentioned in the ALJ's opinion. Furthermore, the medical evidence which supports the ALJ's conclusion that the Plaintiff could do light work is almost certainly based on testing performed on the "better days." It does not include tests to, for instance, verify that the Plaintiff's intestines would permit her to remain at a work station without interruption for the necessary time periods, or tests to verify that she is likely to have only "better days" and no flare-ups in the foreseeable future. The RFC analysis for this period must be separated from the RFC analysis for the earlier period because the medical record documents a change. The ALJ's decision, by conflating the two time periods and failing to consider the changes in the Plaintiff's condition (which prompted the original filing for disability) is not supported by substantial evidence. This is not to say that the Plaintiff will necessarily prevail. However, she is entitled to a more searching examination of the evidence of record.

## IV. CONCLUSION

Benefits are denied for the time period before July 1998 because the ALJ's finding of

RFC is supported by substantial evidence. For the time from July 1998 to December 2000, the case will be remanded for further consideration.

On remand, the Commissioner should consider the evidence of a significant change in the Plaintiff's condition beginning around July 1998. Records from before that date and after December 2000 are relevant only insofar as they show the existence and progression of various dysfunctions over time, and how they reflect on the Plaintiff's credibility. The existence of adequate RFC to permit work before July 1998, found by the ALJ and upheld by this Court today, is not proof of RFC after that date. The Commissioner's review should include both exertional and non-exertional criteria as well as mental issues such as "brain fog" and inability to concentrate. In particular, any decision should clearly address the findings of both the Vocational Expert and a consulting physician that the Plaintiff would find it difficult or impossible to work (R. 201, 490-94, 516-17) and explain why these statements should be rejected. Finally, the Commissioner should explain the relation of the episodic nature of Plaintiff's complaints to a finding of RFC. Plaintiff concedes that she has the RFC for light work on good days, but suffers several times a month from flare ups that apparently prohibit regular work for several days. The Commissioner should either reject the claims of severe episodic flare ups as not credible or show, by competent expert testimony, that jobs exist which would tolerate the somewhat erratic performance this would cause.

The Commissioner may, but need not, direct the ALJ to conduct additional hearings or collect additional documentary evidence.

The cross-motions for summary judgment are both GRANTED in part and DENIED in part.

The Commissioner's decision is AFFIRMED in part and REMANDED in part for

proceedings not inconsistent with this opinion. This case shall be stricken from the docket of this Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____
U.S. District Court Judge

DATE: October 26, 2006